IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DIANNA K. LARSON and MERLIN B. LARSON,<br><br>     Plaintiffs,<br><br><br><br><br><br><br><br><br><br><br><br>       vs.<br><br><br>BONDEX INTERNATIONAL, INC., et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE OR PROHIBIT ANY STATEMENTS OR REFERENCES BY COUNSEL OR ANY WITNESS CONCERNING PLAINTIFF'S EX-HUSBAND'S CRIMINAL CONVICTION FOR FIRST-DEGREE MURDER AND ANY STATEMENTS OR REFERENCES TO THE BOOK, "UNDER THE BANNER OF HEAVEN"<br><br><br><br><br><br>Case No. 2:08-CV-333 TS |

The Court has before it Plaintiffs' Motion in Limine to Exclude or Prohibit Any

Statements or References by Counsel or Any Witness Concerning Dianna K. Larson's Ex-

Husband's Criminal Conviction for First-Degree Murder and Any Statements or References to

the Book, "Under the Banner of Heaven" Pursuant to Rule 403 of the Federal Rules of Civil

Procedure.[1]

Plaintiff contends that any reference to her former husband's criminal conviction during voire dire or at trial would be irrelevant and highly prejudicial. The Court agrees. Plaintiff alleges that she was exposed to Defendants' products containing asbestos during the construction of her and her former husband's home. The identity of her former husband and his crimes committed thereafter are wholly irrelevant to the issues of whether: (1) Plaintiff used and was exposed to Defendants' asbestos products, (2) Plaintiff developed malignant mesothelioma as a result of this exposure, and (3) Defendants caused damages to Plaintiff. Thus, the Court sees no need for Plaintiff's former husband's crimes or identity to be discussed either in voir dire or at trial.

Moreover, any reference to Plaintiff's former husband's crimes or identity would be highly prejudicial. As the parties are well aware, Plaintiffs' former husband's crimes received substantial media attention, both locally and nationally. Any mention of Plaintiff's former husband's crimes or identity would taint Plaintiff's case.

The Court is aware that Plaintiff has not specifically sought to exclude her former husband's full name from being used at trial or voir dire, but in the Court's own discretion, it finds that any discussion of Plaintiff's former husband's name is unnecessary and prejudicial. Should any prospective juror know the connection between Plaintiff and her former husband, this will come out through the Court's typical inquiry into whether any of the jurors know any of the parties.

---

[1]Docket No. 144.

It is therefore

ORDERED that Plaintiff's Motion in Limine to Exclude or Prohibit Any Statements or References by Counsel or Any Witness Concerning Plaintiff's Ex-Husband's Criminal Conviction for First-Degree Murder and Any Statements or References to the Book, "Under the Banner of Heaven" Pursuant to Rule 403 of the Federal Rules of Civil Procedure (Docket No. 144) is GRANTED. The parties may refer to Plaintiff's former husband by category (i.e., former husband, ex-husband, former spouse, ex-spouse, etc.) or by his first name (Ron) during voir dire and at trial.  The parties are further precluded from making any mention of Plaintiff's former husband's criminal conviction, including any publications concerning that conviction, during voir dire and at trial.  Parties should review all exhibits and redact them accordingly.

DATED   July 15, 2011.

BY THE COURT:

_____

TED STEWART
United States District Judge

3