IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DIANNA K. LARSON and MERLIN B. LARSON,<br><br>      Plaintiffs,<br><br><br><br>      vs.<br><br><br>BONDEX INTERNATIONAL, INC., et al.,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT GEORGIA-PACIFIC LLC'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF THE POST-EXPOSURE CPSC BAN ON CERTAIN ASBESTOS-CONTAINING JOINT COMPOUNDS<br><br><br><br>Case No. 2:08-CV-333 TS |

The Court has before it Defendant Georgia-Pacific LLC's ("Georgia-Pacific") Motion in

Limine to Exclude Evidence of the Post-Exposure CPSC Ban on Certain Asbestos-Containing

Joint Compounds.[1]  Georgia-Pacific contends that such evidence is irrelevant, highly prejudicial,

and inadmissible hearsay.  For the reasons set forth below, the Court will deny the Motion.

---

[1]Docket No. 108.  This Motion is joined by Defendant Union Carbide.  *See* Docket No.
166.

## I. DISCUSSION

### A.    RELEVANCY

Georgia-Pacific contends that evidence of the Consumer Product Safety Commission's December 15, 1977 ban (the "CPSC ban") on the use of asbestos in joint compound products is irrelevant and, therefore, inadmissable.  In support of this argument, Georgia-Pacific cites to several alleged defects in the CPSC's methodology and contends that regulatory agency determinations are unreliable because these agencies serve in a preventative role and need not justify their determinations with scientific certainty.

The Court finds that, while Georgia-Pacific's contentions certainly go to the weight of such evidence, these shortcomings do not make the CPSC ban irrelevant to the present matter. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[2]  Of course, "[t]he standard is not stringent; it is aimed at each 'brick' of evidence potentially making a wall and not every witness 'mak[ing] a home run.'"[3] As noted by Plaintiffs, evidence of the CPSC ban is relevant to several of Plaintiffs' claims, including that Defendant's products were unreasonably dangerous based on a failure to warn of dangers known or knowable to the Defendants.  The Court will, therefore, deny this ground for relief.

### B.    HIGHLY PREJUDICIAL

Georgia-Pacific further contends that the CPSC ban is inadmissible under Fed.R.Civ.P.

---

[2]Fed. R. Evid. 401.

[3]*United States v. Yazzie*, 188 F.3d 1178, 1189 (10th Cir. 1999) (quoting Fed. R. Evid. 401 advisory committee's note).)

403 because a jury is likely to give the pronouncement undue weight and introduction of such

evidence would require the investigation and development of numerous collateral issues. Rule

403 requires the Court to evaluate whether the probative value of a piece of evidence is

"substantially outweighed by the danger of unfair prejudice, confusion of the issues, or delay,

waste of time, or needless presentation of cumulative evidence."[4] In making this determination,

the Court should always be mindful that "exclusion of evidence under Rule 403 that is otherwise

admissible under the other rules 'is an extraordinary remedy and should be used sparingly.'"[5]

The Court finds that the concerns cited by Georgia-Pacific do not substantially outweigh

the proposed evidence's probative value. As persuasively explained by the Fourth Circuit, when

the issue of causation is important to the outcome of a matter,

> an extended debate on the validity was not only permissible; it was to be
> encouraged. That [Defendant] foresaw it would take considerable time and effort
> to explain why the data were not relevant or reliable is not a reason to exclude the
> data. To the contrary, if [Defendant] had a case to make, there is all the more
> reason to insist the jury hear a full debate from the experts on the reliability of the
> data.[6]

Georgia-Pacific will have an opportunity to test the validity of the CPSC data and explain

any alleged shortcoming to the jury. The Court, therefore, finds that the ban's relevance is not

substantially outweighed by its prejudicial effect and will deny Georgia-Pacific's Motion on this

ground.

---

[4]Fed.R.Evid. 403.

[5]*United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001)(quoting *United States v. Rodriquez*, 192 F.3d 946, 949 (10th Cir. 1999)).

[6]*Ellis v. Int'l Playtex, Inc.*, 745 F.2d 292, 304 (4th Cir. 1984).

C.    HEARSAY

Georgia-Pacific lastly contends that the CPSC ban is inadmissible hearsay because it is

not evidence "of a type reasonably relied upon by experts in the particular field."[7] Georgia-

Pacific, however, fails to cite any evidence to support this assertion.  By contrast, Plaintiffs

provide the Court with the testimony of its expert Dr. Jacques Legier that such findings and

pronouncements by government agencies represent a type of information routinely relied upon in

diagnosing patients.  The Court, therefore, finds Georgia-Pacific's argument unavailing and will

deny the Motion on this ground.

## II.  CONCLUSION & ORDER

It is therefore

ORDERED that Defendant Georgia-Pacific LLC's Motion in Limine to Exclude

Evidence of the Post-Exposure CPSC Ban on Certain Asbestos-Containing Joint Compounds

(Docket No. 108) is DENIED.

DATED   July 18, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[7]Fed.R.Evid. 703.