IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DIANNA K. LARSON and MERLIN B. LARSON,<br><br>Plaintiffs,<br><br><br><br><br><br>vs.<br><br><br><br>BONDEX INTERNATIONAL, INC., et al.,<br><br>Defendants. | ORDER DENYING DEFENDANT GEORGIA-PACIFIC LLC'S MOTION IN LIMINE TO EXCLUDE "STATE OF THE ART" OR OTHER EVIDENCE SUBSEQUENT TO PLAINTIFF DIANNA LARSON'S LAST EXPOSURE TO AN ALLEGED ASBESTOS-CONTAINING GEORGIA-PACIFIC PRODUCT<br><br><br><br>Case No. 2:08-CV-333 TS |

The Court has before it Defendant Georgia-Pacific LLC's ("Georgia-Pacific") Motion in Limine to Exclude Evidence of "State of the Art" or Other Evidence Subsequent to Plaintiff Dianna Larson's Last Exposure to an Alleged Asbesetos-Containing Georgia Pacific Product.[1] Defendants contend that such evidence is irrelevant and that admission of any evidence related thereto would be unfairly prejudicial to Georgia-Pacific. Based on the following reasons, the Court will deny the Motion.

---

[1] Docket No. 102. Georgia-Pacific's Motion is joined by Defendant Union Carbide. *See* Docket No. 166.

1

First, the Court notes that the parties dispute when Dianna Larson was last exposed to Defendants' asbestos containing product. Resolving such a dispute is for the fact-finder and cannot be resolved in limine or on any evidentiary objection. Thus, any "post-exposure" objection to a document which pre-dates Dianna Larson's last alleged exposure—even though Defendants maintain her last exposure was several years earlier—will be denied.

Second, the Court finds that Georgia-Pacific's assertions regarding the Utah Products Liability Act implicates how the jury should be instructed, not what evidence should be admissible at trial.

Third, the Court finds it impossible to rule upon the admissibility of such a wide swath of evidence without the benefit of the context of trial. The Court will, therefore, deny the Motion without prejudice and invite Georgia-Pacific to renew its objection at trial once Plaintiffs are attempting to admit a specific document that Georgia-Pacific believe fall into this category.

It is therefore

ORDERED that Defendant Georgia-Pacific LLC's Motion in Limine to Exclude Evidence of "State of the Art" or Other Evidence Subsequent to Plaintiff Dianna Larson's Last Exposure to an Alleged Asbesetos-Containing Georgia Pacific Product (Docket No. 102) is DENIED WITHOUT PREJUDICE.

DATED   July 19, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge