IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DIANNA K. LARSON and MERLIN B. LARSON,<br><br>Plaintiffs,<br><br>vs.<br><br>BONDEX INTERNATIONAL, INC., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING UNION CARBIDE CORPORATION'S MOTION IN LIMINE TO EXCLUDE SPECULATIVE EVIDENCE OF FIBER SUPPLY<br><br><br><br>Case No. 2:08-CV-333 TS |

The Court has before it Defendant Union Carbide Corporation's ("Union Carbide") Motion in Limine to Exclude Speculative Evidence of Fiber Supply.[1] Union Carbide moves the Court to preclude Plaintiffs from introducing evidence at trial relating to Union Carbide's supply of raw asbestos fiber to any asbestos-containing product manufacturers—whether a party to this action or not—without first laying proper foundation, outside the presence of the jury, that such asbestos was actually present in the products to which Plaintiff Dianna Larson claims exposure. In other words, Union Carbide moves the Court to preclude any evidence that Defendant

---

[1]Docket No. 129.

1

Georgia-Pacific, or any other asbestos-containing product manufacturer, was a customer of Union Carbide before Plaintiffs can establish that the product to which Plaintiff Dianna Larson was exposed actually contained Union Carbide's *Calidria* asbestos. Union Carbide contends that without this showing, any evidence of Union Carbide's sales of *Calidria* would be irrelevant, and even if it was relevant, the probative value of this evidence would be greatly outweighed by its undue prejudice to Union Carbide.

Union Carbide's Motion effectively argues that, without evidence of direct causation, any indirect evidence of causation is irrelevant. This argument, which asks the Court to evaluate the *sufficiency* of Plaintiffs' evidence, rather than the *admissibility* of such evidence, is inappropriate for a motion in limine and has little to do with the issue of relevancy. Plaintiffs' evidence of Union Carbide's sales of *Calidria* to Georgia-Pacific is certainly relevant as to whether Georgia-Pacific's products contained Union Carbide *Calidria* asbestos and caused Plaintiff Dianna Larson harm. The question of whether this evidence is sufficient to carry Plaintiffs' burden is an entirely different matter, and one more appropriately addressed to the Court on a motion for judgment as a matter of law or to the jury during the course of the trial. Indeed, Union Carbide's own citation bears this out: "'[a] mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.'"[2]

Union Carbide's Motion effectively asks this Court to rule on the sufficiency of Plaintiffs' evidence of causation before Plaintiffs have had an opportunity to present their case. Such a request is inappropriate at this stage of the proceedings and will be denied.

---

[2]*Weber v. Springville*, 725 P.2d 1360, 1367 (Utah 1986) (quoting W. Keeton & W. Prosser, Prosser and Keeton on the Law of Torts § 41, at 269 (5th ed. 1984)).

It is therefore

ORDERED that Union Carbide Corporation's Motion in Limine to Exclude Speculative Evidence of Fiber Supply (Docket No. 129) is DENIED.

DATED   July 20, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge