IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DIANNA K. LARSON and MERLIN B. LARSON,<br><br>Plaintiffs,<br><br>vs.<br><br>BONDEX INTERNATIONAL, INC., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT UNION CARBIDE CORPORATION'S MOTION IN LIMINE TO EXCLUDE EXPERT OPINION TESTIMONY THAT "EVERY EXPOSURE" TO ASBESTOS IS A "SUBSTANTIAL" OR "CONTRIBUTING" FACTOR<br><br>Case No. 2:08-CV-333 TS |

The Court has before it Defendant Union Carbide Corporation's ("Union Carbide") Motion in Limine to Exclude Expert Opinion Testimony that "Every Exposure" to Asbestos is a "Substantial" or "Contributing" Factor.[1] Union Carbide contends that such evidence is directly contrary to controlling law, which requires a plaintiff to demonstrate that exposure to a defendant's product was a substantial factor in bringing about the alleged injury.

---

[1]Docket No. 152. This Motion is joined by Defendant Georgia-Pacific, LLC. *See* Docket No. 169.

1

Union Carbide contends that Utah law requires a showing of duration and intensity of an alleged exposure, which necessarily precludes any testimony that "every exposure" is a "substantial factor." The Court finds Union Carbide's position unsupported by Utah law. Although duration and intensity are certainly relevant considerations in determining whether something is a substantial factor, the test is much more nuanced:

> The word "substantial" is used to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense, in which there always lurks the idea of responsibility, rather than in the so-called "philosophic sense," which includes every one of the great number of events without which any happening would not have occurred. Each of these events is a cause in the so-called "philosophic sense," yet the effect of many of them is so insignificant that no ordinary mind would think of them as causes.[2]

Thus, as recently explained by the State of Utah Third District Court, this approach varies from case to case.[3]

As Union Carbide's Motion is based on a flawed view of Utah law, the Court finds the Motion fails. In addition, as to Union Carbide's contentions based on *Daubert*, the Court finds persuasive the reasoning set forth previously in this matter by Judge Robreno[4] and adopts it here.

Based on the foregoing, it is therefore

ORDERED that Defendant Union Carbide Corporation's Motion in Limine to Exclude Expert Opinion Testimony that "Every Exposure" to Asbestos is a "Substantial" or "Contributing" Factor (Docket No. 152) is DENIED.

---

[2] *Holmstrom v. C.R. England, Inc.*, 8 P.3d 281, 292 (Utah Ct. App. 2000).

[3] *See* Docket No. 164, Ex. 3, at 4.

[4] *Larson v. Bondex Int'l*, 2010 WL 4676563 (E.D.Pa. Nov. 15, 2010).

DATED   July 21, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge